No. 99-668

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 247N

ROBBEN L. HILTON,

Plaintiff/Respondent,

v.

S. CHARLES SPRINKLE,

Defendant/Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Stephen C. Berg, Erika L. Johnson, Warden, Christiansen, Johnson & Berg, Kalispell, Montana

For Respondent:

Judah M. Gersh, Whitefish, Montana; Evan F. Danno, Kalispell, Montana

Submitted on Briefs: March 9, 2000
Decided: September 14, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiff Robben Hilton brought this action against S. Charles Sprinkle to recover damages for negligence and battery. At trial, the jury assessed Hilton's damages at $15,282. The District Court did not allow the judgment to be offset by $9,000 received by Hilton in a combined settlement with the Mint Bar and its insurer, Capitol Indemnity Corporation. Sprinkle appeals from this judgment. We affirm.

¶3 The issue on appeal is whether the District Court erred by failing to reduce the jury award against Sprinkle by the amount Hilton received from settling with the Mint Bar and its insurer, Capitol Indemnity.

¶4 The case arises from an incident that occurred on February 4, 1996. Charles Sprinkle struck Robben Hilton in the face at the Mint Bar in Libby, Montana. Hilton filed a complaint in the Nineteenth Judicial District Court Lincoln County against both Sprinkle and the Mint Bar to recover damages for her injuries.

¶5 In September of 1998, Hilton settled her claims against the Mint Bar and the Mint Bar's insurer, Capitol Indemnity Corporation, for $9,000. The settlement released the Mint Bar from liability for negligence and dram shop violations relating to the incident involving Sprinkle, and released Capitol Indemnity from liability for bad faith insurance practices. The agreement did not reveal the separate amounts for the two parties' release from liability.

¶6 The claim against Sprinkle was tried, where Sprinkle admitted to negligently striking Hilton in the face. The jury assessed her damages at $15,282. Sprinkle moved to have the

jury award reduced by $282 for medical expenses he had already paid and by $9,000 to reflect the amount received by Hilton in the settlement with the Mint Bar and Capitol Indemnity. The award was reduced by the $282, but the court held that Sprinkle was not entitled to an offset from the settlement because the relevant statutory provision, § 27-1-308, MCA, dealing with collateral source reductions, limits offsets to those cases where the total damages exceed $50,000. Sprinkle appeals from this decision.

¶7 The standard of review of a district court's conclusions of law is whether the district court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal, Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶8 Did the District Court err in denying Sprinkle's request to reduce the judgment against him by the amount of the previous settlement between Hilton and the Mint Bar and Capitol Indemnity?

¶9 Sprinkle argues that he is entitled to a reduction in judgment by the amount that Hilton received in her settlement with the Mint Bar and Capitol Indemnity. Sprinkle relies on *State ex rel Deere & Co. v. District Court* (1986), 224 Mont. 384, 730 P.2d 396, for his argument. However, we need not reach this argument in making our decision.

¶10 Sprinkle is not entitled to a reduction in the judgment under any theory because it is impossible to determine what portion of the jury award duplicated Hilton's settlement with the Mint Bar and Capitol Indemnity. "The [reduction] rule applies only if two or more concurrent or joint tort-feasors cause a single 'indivisible' harm." *Jim's Excavating Service v. HKM Assoc.* (1994), 265 Mont. 494, 514, 878 P.2d 248, 260 (citation omitted). Hilton's settlement with Mint Bar and Capitol Indemnity released them from liability for the Mint Bar's negligence in the incident with Sprinkle, as well as releasing the insurance company for bad faith claims. When it is not clear which part of the award is duplicative, there is no way for a court to calculate the amount of offset, if any, that the defendant would be entitled to. When there is no factual basis upon which a District Court can properly grant a motion for offset, the motion is properly denied. *Busta v. Columbus Hosp. Corp.* (1996), 276 Mont. 342, 375, 916 P.2d 122, 142.

¶11 It is not clear from the facts of this case which portion of her settlement with the Mint Bar and Capitol Indemnity was for the Mint Bar's liability in the altercation with Sprinkle. At least a portion of her settlement was for the actions of the insurance company and not for the Mint Bar's liability. As it is impossible for us to determine which portion was

duplicated, we cannot allow the reduction.

¶12 We conclude that the District Court properly denied Sprinkle's claim that his judgment should be reduced by the $9,000 received by Hilton in the settlement with the Mint Bar and Capitol Indemnity.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER